# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHAEL ALVARADO, | 1:07-CV-00994 OWW DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITIONER'S MOTION FOR STAY AND ABEYANCE; OBJECTIONS DUE WITHIN FIFTEEN DAYS FROM DATE OF SERVICE |
| v. | |
| JAMES A. YATES, | [Doc. 6] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on July 12, 2007. On July 23, 2007, the undersigned issued Findings and Recommendations recommending that the instant petition be dismissed for failure to exhaust the state court remedies. Specifically, it was noted that Petitioner had conceded that all of the claims raised in the instant petition were currently pending before the California Supreme Court by way of a state petition for writ of habeas corpus. (Findings & Recommendation, at 3.)

On July 30, 2007, Petitioner filed a motion for a stay and abeyance. (Court Doc. 6.)

In <u>Rhines v. Weber</u>, 544 U.S. 269, 277-278 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition. Nevertheless, stay and abeyance is available only in limited circumstances,

1

because the procedure frustrates AEDPA's[1] objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Id. The Supreme Court held that a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.

Petitioner claims that he meets the requirements set forth in Rhines for staying a petition. However, unlike the petition in Rhines, the instant petition is not a mixed petition, i.e. one that contains exhausted and unexhausted claims. Rather, the petition by Petitioner's own admission contains only unexhausted claims. Petitioner does not cite, and the Court is not aware of, any authority for the proposition that the Rhines' stay and abeyance procedure applies to a petition containing only unexhausted claim. When discussing Rhines, the Ninth Circuit has stated that Rhines applies to stays of mixed petitions and Rhines allows the Court to stay mixed petitions rather than dismiss them. See e.g. Lira v. Herrera, 427 F.3d 1164, 1173 n.10 (9th Cir. 2005); Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). Therefore, given the absence of authority for the proposition that the Court may stay a petition containing only unexhausted claim and Rhines' and its progeny's use of the term "mixed petition," the Court finds that it does not have the power to stay and hold in abeyance a petition that contains only unexhausted claims.

Accordingly, it is HEREBY RECOMMENDED that Petitioner's motion to stay the instant petition be DENIED.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **fifteen (15)** days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served

---

[1] AEDPA refers to the Antiterrorism and Effective Death Penalty Act of 1996.

1 and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
2 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
3 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
4 may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
5 Cir. 1991).

6     IT IS SO ORDERED.

7     **Dated:**   <u>**August 31, 2007**</u>         <u>     /s/ **Dennis L. Beck**     </u>
                                                                              UNITED STATES MAGISTRATE JUDGE