UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHAEL ALVARADO, | 1:07-CV-00994 OWW DLB HC |
| Petitioner, | ORDER REGARDING PETITIONER'S MOTION FOR ACCESS TO LAW LIBRARY |
| v. | [Doc. 17] |
| JAMES A. YATES, | |
| Respondent. | |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  Petitioner filed the instant petition for writ of habeas corpus on July 12, 2007.  (Court Doc. 1.)  On January 4, 2008, the Court directed Respondent to file a responsive pleading.  (Court Doc. 15.)  An answer to the petition is currently due on or before April 9, 2008.  (Id.)

  Now pending before the Court is Petitioner's motion for access to the law library.  (Court Doc. 17.)  Petitioner states that due to his placement in administrative segregation based on his ethnicity he has been unable to access the law library, and he has not received a response to his request to use the library as a Preferred Library User ("PLU").  Petitioner requests that the Court direct prison officials to allow him access to the law library as a PLU.  Petitioner is essentially requesting injunctive relief.

  Rule 65(b) of the Federal Rules of Civil Procedure allows the Court to issue a temporary restraining order.  The Court can issue a temporary restraining order if the moving party has

shown either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), *quoting* Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376.  "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id.  In the absence of a significant showing of irreparable injury, the Court need not reach the issue of likelihood of success on the merits.  Id.

To obtain a preliminary injunction, a party must demonstrate either 1) a combination of probable success on the merits and the possibility of irreparable injury, or 2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor. First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378, 1381 (9th Cir.1987

First, Petitioner is advised that he currently does not have a pending deadline, as Respondent has not yet filed a response to the petition and the response is not due until April 9, 2008.[1]  (See Court Doc. 17.)  Second, a prisoner alleging an access to the courts violation must demonstrate that he has suffered or will imminently suffer actual injury. Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 2179 (1996). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." Id. at 2180.  The inmate must show that the library "hindered his efforts to pursue a legal claim." Id.  To satisfy the actual-injury requirement, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 2181.  Furthermore, "the injury requirement is not satisfied by just any type of frustrated legal claim," but rather, the legal claim which was allegedly interfered with must involve either an inmate's attempt to attack his sentence or an action to challenge the conditions of his confinement. Id. at 2181-82.  The Ninth Circuit has interpreted this to mean that the right extends only through the

---

[1] A traverse, if any, is due thirty days after the date the answer is filed.  (Court Doc. 15, at 2.)

1  pleading stage, and is not a right to successfully litigate the matter through resolution.  See
2  Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995).
3         Lastly, Petitioner has failed to demonstrate that he suffers actual injury as a result the
4  library policies of which he complains.  Although Petitioner contends that he needs time in the
5  law library, such a generalized allegation fails to demonstrate imminent or actual injury, as
6  required by Lewis v. Casey.  Petitioner merely states that on January 12, 2008, he requested
7  access to the law library, and as of January 30, 2008, he had not received a response.  This is
8  insufficient to demonstrate "actual injury."  Because petitioner has not made an adequate
9  showing that he is imminent danger of suffering irreparable injury, Petitioner cannot prevail on
10  his motion for temporary restraining order or preliminary injunction.
11        Further, petitioner makes general allegations concerning the problems he has encountered
12  at the law library due to his placement in administrative segregation.  A petition for writ of
13  habeas corpus concerns whether petitioner's conviction and confinement violate the Constitution.
14  28 U.S.C. § 2254 (a).  Challenges to prison conditions are properly brought under 42 U.S.C. §
15  1983.  McCarthy v. Bronson, 500 U.S. 136, 141-42, 111 S.Ct. 1737, 1741-42 (1991);  Preiser v.
16  Rodriguez, 411 U.S. 475, 499, 93 S.Ct. 1827, 1841 (1973); Advisory Committee Notes to Rule1
17  of the Rules Governing Section 2254 Cases.  As discussed above, petitioner's contention is that
18  one of respondent's subordinates is restraining many prisoners' access to the courts.  This
19  appears to concern a condition of various prisoners' confinement and is not proper in a habeas
20  corpus petition.
21        Accordingly, it is HEREBY ORDERED that plaintiff's motion for injunctive relief is
22  DENIED, without prejudice.
23  IT IS SO ORDERED.
24  **Dated:   March 28, 2008**              /s/ Oliver W. Wanger
                                   UNITED STATES DISTRICT JUDGE

3